UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

JAMES HUDGINS )
)
v. ) Case No. 1:18-cv-211-TRM-CHS
)
ASTEC, INC. )

## REPORT AND RECOMMENDATION

### I. Introduction

Plaintiff James Hudgins, *pro se*, has filed an application to proceed *in forma pauperis* [Doc. 1]. Because I conclude his complaint does not state a claim for which relief can be granted, I **RECOMMEND** this action be **DISMISSED** and the application to proceed *in forma pauperis* be **DENIED** as moot.

Under 28 U.S.C. § 1915(e)(2), the Court has the responsibility to screen all actions filed by plaintiffs – including non-prisoners seeking *in forma pauperis* status – and to dismiss any action or portion thereof which is frivolous or malicious, fails to state a claim for which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. *McGore v. Wrigglesworth*, 114 F.3d 601, 608 (6th Cir.1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007) and *La Fountain v. Harry*, 716 F.3d 944, 951 (6th Cir. 2013); *Smith v. Lindamood*, Case No. 1:16-cv-86, 2017 WL 444830, at *2 (M.D. Tenn. Feb. 2, 2017); *Johns v. Maxey*, Case No. 2:07-cv-238, 2008 WL 4442467, at *1 (E.D. Tenn. Sept. 25, 2008) (Greer, J.).

### II. Facts

Plaintiff James Hudgins has filed his complaint on a form entitled "COMPLAINT FOR VIOLATION OF CIVIL RIGHTS (42 U.S.C. § 1983)." He initiated this lawsuit against his

former employer, Astec, Inc. Plaintiff's Complaint is skeletal and fails to include critical information. He alleges his co-workers harassed him; he reported the harassment to his supervisor, Donald Brown; the harassment did not stop; and he lost his job [Doc. 1, Complaint at 1-4]. Plaintiff provides very little information about the harassment, although he does allege that "they" followed him in cars for a while after he left work. The complaint does not allege why he lost his job. Plaintiff does not identify his race in the Complaint, nor does he allege that the harassment was racially motivated. Finally, the Complaint itself does not state that Plaintiff brings this action under Title VII of the Civil Rights Act of 1964. In fact, the only statute mentioned in Plaintiff's Complaint is 42 U.S.C. § 1983.

Plaintiff has attached a letter from the U.S. Equal Employment Opportunity Commission (EEOC) stating the EEOC was unable to substantiate his allegations of discrimination and retaliation based on his race (Black). Thus, the Court can infer from the EEOC letter that Plaintiff is alleging harassment based on race and that he is Black. The EEOC letter is dated August 2, 2018, and Plaintiff filed this action on September 13, 2018. For relief, Plaintiff has not asked for damages; rather, he asks that Astec hire more people of color "so they can never do this to anyone else" [Doc. 1, Complaint at 5]. He further states, "I do not want to go back there ever" [*Id.*].

### III. Discussion

#### A. Standard of Review

The standard required by § 1915(e)(2) to properly state a claim for which relief can be granted is the same standard required by Fed. R. Civ. P. 12(b)(6). *Brand v. Motley*, 526 F.3d 921, 924 (6th Cir. 2008); *accord Thomas v. Eby*, 481 F.3d 434, 437 (6th Cir. 2007). In determining whether a party has set forth a claim in his complaint for which relief can be

granted, all well-pleaded factual allegations contained in the complaint must be accepted as true. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam)*, Bell Atlantic Corp. v. Twombly,* 550 U.S 544, 555 (2007).  "Specific facts are not necessary; the statement need only 'give the defendant fair notice of what the claim is and the grounds upon which it rests.'" *Erickson*, 551 U.S. at 93 (quoting *Twombly*, 550 U.S. at 569-70.)  Further, a *pro se* pleading must be liberally construed and "held to less stringent standards than formal pleadings drafted by lawyers." *Erickson*, 551 U.S. at 94 (citing *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)).  Nevertheless, the complaint must be sufficient "to state a claim to relief that is plausible on its face," *Twombly*, 550 U.S. at 570, *Wyson Corp. v. APN*, *Inc.*, 889 F.3d 267,  270 (6th Cir. 2018) ("The question is whether [plaintiff's] complaint[] contain[s] factual allegations that, when accepted as true, set out plausible claims for relief.")  This requirement simply means that the factual content pled by a plaintiff must permit a court "to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

### B.    Analysis

First, Plaintiff cannot bring this action against Astec, Inc. under 42 U.S.C. § 1983.  This statute, 42 U.S.C. § 1983 ("Section 1983" or "§ 1983") is a remedial statute which does not itself create independent substantive legal rights.  Section 1983 simply provides a vehicle by which a person may recover damages for a violation of his rights secured to him by federal law. *Pyles v. Raisor*, 60 F.3d 1211, 1215 (6th Cir. 1995).  To state a claim under Section 1983, a plaintiff is required to show that he has been deprived of a right, privilege, or immunity secured to him by the United States Constitution or other federal law and that the defendants caused the deprivation while they were acting under color of state law. *Gregory v. Shelby County, Tenn.,* 220 F.3d 433,

441 (6th Cir. 2000).[1]  Astec, Inc. is not a state actor.  In other words, it was not acting under color of state law.  Consequently, Plaintiff has not stated a claim against Defendants under Section 1983.

Second, Plaintiff does not mention Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, in his Complaint which is the statute that protects employees from race-based harassment and racial discrimination in employment.  The Court cannot read this statute into the Complaint for the Plaintiff.

Third, even if Plaintiff had expressly relied on Title VII in bringing this claim, the facts alleged in the Complaint are too bare to support a claim for harassment and retaliatory discharge. To state a claim for race-based harassment, plaintiff must allege he was subject to racially discriminatory harassment that was offensive enough to interfere with his work. *Newman v. Fed. Express Corp.*, 266 F.3d 401, 405 (6th Cir.2001).  "Plaintiff may show race-based harassment by either (1) direct evidence of the use of race-specific and derogatory terms, or (2) comparative evidence about how the alleged harasser treated members of different races in a mixed-race work environment." *Howard v. Burd Bros., Inc.*, 2015 WL 1969779, at *4 (May 1, 2015) (citing *Oncale v. Sundowner Offshore Serv's., Inc.*, 523 U.S. 75, 80–81 (1998) (approving these methods in the analogous context of sexual harassment)).  Plaintiff has provided no factual basis in the Complaint for the allegation that he was harassed on the basis of his race, and his Complaint is therefore insufficient to state a claim for race-based harassment.

As for the loss of Plaintiff's job, "to establish a prima facie case of retaliation, Plaintiff must allege (1) []he engaged in protected activity under Title VII; (2) Defendant knew []he engaged in the protected activity; (3) Defendant subsequently took an adverse, retaliatory action

---

[1] *See also Baker v. Hadley,* 167 F.3d 1014, 1017 (6th Cir. 1999); *Valot v. Southeast Local School Dist. Bd. of Educ.*, 107 F.3d 1220, 1225 (6th Cir. 1997).

against Plaintiff; and (4) the protected activity and the adverse action were causally connected." *Brooks v. Invista*, 2007 WL 672473, at *2 (E.D. Tenn. 2007) (citing *Smith v. City of Salem,* 378 F.3d 566, 570 (6th Cir. 2004)). Plaintiff's Complaint does not allege who fired him and whether that person knew about his reports of harassment and fired him because he reported the harassment.

While the Court could speculate as to what Plaintiff is attempting to allege, it is inappropriate for the Court to guess or fill in the blanks of an incomplete complaint for a plaintiff. Plaintiff simply does not provide the information necessary to state a claim for racial harassment and retaliatory discharge under Title VII.

### IV. Conclusion

For the reasons stated herein, it is **RECOMMENDED** that this action be **DISMISSED** and the application for *in forma pauperis* status be **DENIED** as moot.[2]

**ENTER.**

/s/ *Christopher H. Steger*
UNITED STATES MAGISTRATE JUDGE

---

[2] Any objections to this Report and Recommendation must be served and filed within fourteen (14) days after service of a copy of this recommended disposition on the objecting party. Such objections must conform to the requirements of Rule 72(b) of the Federal Rules of Civil Procedure. Failure to file objections within the time specified constitutes a waiver of the right to appeal the District Court's order. *Thomas v. Arn*, 474 U.S. 140, 88 L.Ed.2d 435, 106 S. Ct. 466 (1985). The district court need not provide *de novo* review where objections to this report and recommendation are frivolous, conclusive or general. *Mira v. Marshall*, 806 F.2d 636 (6th Cir. 1986). Only specific objections are reserved for appellate review. *Smith v. Detroit Federation of Teachers*, 829 F.2d 1370 (6th Cir. 1987).